**Carroll CAVANAGH, Jr., as Executor of the Will of Carroll Cavanagh, Deceased, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 11–85 T.**

United States Claims Court.

Dec. 21, 1987.

**ORDER**

HORN, Judge.

On August 17, 1987, the defendant filed, pursuant to Rule 83.2(f) of the Rules of the Court, a Motion for Reconsideration and Clarification of this Court's August 3, 1987 Opinion herein, 12 Cl.Ct. 715, accompanied by a wordy memorandum in support thereof. Rule 83.2(f) does not provide for a response by the opposing party to a motion for reconsideration, however, by Order of the Court, dated August 27, 1987, plaintiff was given an opportunity to respond to the defendant's motion. On September 16, 1987, plaintiff submitted a Cross–Motion for Reconsideration of Opinion.

The defendant's Memorandum in Support of its Motion for Reconsideration and Clarification, charges the Court with misperceiving the difference between the statute which explicitly prohibits the payment of interest on claims and judgments (28 U.S.C. § 2516(a)) and the statute which expressly authorizes the payment of interest on the overpayment of taxes (26 U.S.C. § 6611). The plaintiff's response dismisses defendant's motion and memorandum as a circuitous attempt to reargue its case.

Having revisited the rationale and holding set forth in its August 3, 1987 opinion and reviewed the defendant's motion and memorandum in support thereof, along with plaintiff's response, this Court reaffirms its August 3, 1987 opinion. The Court offers the following further comments to assist the parties in preparing the joint stipulation of damages which the parties were directed to submit to the Court in the last paragraph of that opinion. Although the parties in this case have spent much time on posturing and counter-posturing and have found it difficult to work together in the past, it is hoped that the passage of time will have helped to allow both sides to sit down together and agree

on the joint stipulation of damages, which this Court is once again ordering the parties to submit.

The defendant's reconsideration memorandum asserts that although plaintiff's claim arose in the context of a tax refund suit, plaintiff's claim is for damages only. The Court agrees with the first part of defendant's premise that the claim arose as a result of a breach of contract resulting in plaintiff's claim for damages. The finding of this Court includes a second premise, *i.e.*, that plaintiff sought to mitigate its damages and the mitigation resulted in an overpayment of taxes.

This Court's finding is supported by the case of *Girard Trust Bank v. United States*, 221 Ct.Cl. 134, 146, 602 F.2d 938, 945 (1979) which held:

We agree with the Government that the flower bonds are a contract as long as they are held by the plaintiff and, accordingly, during that time plaintiffs are only entitled to receive the 3½ percent per annum stated interest rate.

Continuing its ruling, the *Girard* Court held that once the flower bonds are submitted for payment under terms of the contract, the bonds are equivalent to cash. Thus, this Court views the end result of this case as any other case involving a disputed tax liability which includes a claim for interest.

The defendant concedes that interest runs in tax cases from the date of an overpayment of taxes, pursuant to Section 6611 of the Internal Revenue Code (26 U.S.C. § 6611). Nevertheless, the defendant cited *Girard* to support its argument that flower bonds do not constitute payment until surrendered and accepted in payment of taxes. The portion of the *Girard* opinion upon which the defendant relies does not deal with the tax element of the case, but rather addresses the contractual element.

The *Girard* Court addressed separately the issue of plaintiff's entitlement to receive statutory interest on the amount of the refunded overpayment and assessed deficiency. The Court concluded that "plaintiffs are entitled to receive statutory interest." 221 Ct.Cl. 134, 146, 602 F.2d at 945. The *Girard* Court reasoned that:

... once the bonds are surrendered in payment of an assessed federal estate tax deficiency, we cannot agree that the contractual interest rate prevails. From the date the bonds were surrendered until the date they were reinstated, plaintiffs lost control over the bonds. This loss of control is equivalent to the loss of control over property which occurs when an assessed deficiency is paid with cash. In both cases the taxpayer loses the right to invest, use, or assign the property.... In both cases the Government gains control over the property. Statutory interest is the compensation to which Congress has decided a taxpayer is entitled when it is ultimately determined the property should never have been taken from the taxpayer's control and use.

In view of the contract between the plaintiff and the Government, the second payment of taxes by plaintiff on July 16, 1980, in the amount of $51,733.33 should never have been taken from the plaintiff's use and control, because the entitlement to redemption was upon tender. Therefore, the constructive redemption in payment of taxes invoked retroactive acceptance. *See Girard*, 221 Ct.Cl. 134, 602 F.2d 938.

The defendant argues, however, that the constructive redemption in the Estate of *Lillian G. Berg v. United States*, 231 Ct.Cl. 466, 687 F.2d 377 (1982), did not constitute an overpayment which warranted an assessment of statutory interest. The defendant is correct, but the mechanics of the transactions prevented the overpayment in *Berg*, not the theory of constructive redemption.

In *Berg*, upon denial of redemption the bonds were returned to the plaintiffs and subsequently sold. Plaintiffs paid the portion of the assessed tax deficiency which was attributable to the unredeemed flower bonds after the bonds had been returned to plaintiff. Thus, there was double payment to constitute an overpayment in *Berg*. The constructive redemption, therefore, constituted the equivalent of a retroactive sale at par, rather than the payment of taxes.

Unlike *Berg*, the plaintiff in this case, upon denial of redemption and return of the bonds, made a cash payment of taxes and then resubmitted the bonds thereby creating an overpayment of plaintiff's tax liability. Having re-explained the occurrence of plaintiff's overpayment of its tax liability, this Court now reiterates the terms of its August 3, 1987 order to help defendant understand its "misperception" of the basis proposed for plaintiff's recovery of statutory interest, together with the appropriate offset of plaintiffs outstanding tax deficiencies.

The parties are directed to submit to the Court forthwith a joint stipulation of damages pursuant to the August 3, 1987 opinion of this Court and the order issued today, including the directions contained in the paragraphs below.

a. Having held that the bonds are to be constructively redeemed at the time of tender, all coupon interest earned by plaintiff subsequent to January 21, 1979, shall be offset from any amount plaintiff is entitled to recover. In effect, the bonds were redeemed on January 21, 1979, and plaintiff's ownership, control and use were terminated and no coupon interest accrued subsequent thereto.

b. The estate must be revalued to include the bonds or assets in the estate at par value. Accordingly, the taxes assessed on the value of the estate must be recalculated and assessed against the estate to reflect the increased tax liability. The amount of plaintiff's recovery should be reduced by the additional tax assessment arising from the revaluation of the estate and any other outstanding deficiency, plus interest.

c. In order for plaintiff to derive the cash benefit from the bonds which amounted to the par value, plaintiff lost control of the bonds upon original tender. Compare *Berg* and *Girard*. Thus, plaintiff is entitled to receive statutory interest from July 16, 1980 to November 1981, even though the bonds were returned to plaintiff during that period. As noted above, this Court has never intended to award plaintiff compensatory interest contrary to Congress' instructions at 28 U.S.C. § 2516. Rather, this Court orders plaintiff's recovery to comply with the statutory provision which authorizes interest to be paid on the overpayment of taxes.

d. The parties should also refer to the terms of the August 3, 1987 order for more detailed guidance and analysis.

Defendant's Motion for Reconsideration is DENIED. Regarding defendant's motion for clarification, the parties are referred to the August 3, 1987 opinion of this Court and the additional guidance offered above.

Plaintiff's Cross–Motion for Reconsideration of Opinion, filed September 16, 1987, once again requesting attorneys fees is also DENIED. The Court's August 3, 1987 Opinion on this point was clear and the Court has been presented with no new arguments to warrant reconsideration.

IT IS SO ORDERED.